IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00307-CR

 

Chermon Joe Kennemur,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 249th District Court

Johnson County, Texas

Trial Court No. F35231

 



MEMORANDUM  Opinion










 

      Kennemur appeals the revocation of his
community supervision for engaging in organized criminal activity.  See
Act of May 27, 1989, 71st Leg., R.S., ch. 782, § 2, sec. (a), 1989 Tex.
Gen. Laws 3468, 3468 (amended 1991-2003) (current version at Tex. Penal Code Ann. § 71.02(a) (Vernon Supp. 2005)).  We affirm.

      In one issue, Kennemur contends that his
trial counsel failed to render the effective assistance of counsel.  See U.S. Const. amend. VI; Rompilla v.
Beard, 125 S. Ct. 2456, 2462 (2005); Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005);
Ingham v. State, 679 S.W.2d 503, 508-509 (Tex. Crim. App. 1984). 
“Ineffective assistance under Strickland is deficient performance by
counsel resulting in prejudice, with performance being measured against ‘an
objective standard of reasonableness,’ ‘under prevailing professional norms.’” 
Rompilla at 2462 (quoting Strickland at 687, 688).  “A Strickland
claim must be ‘firmly founded in the record’ and ‘the record must affirmatively
demonstrate’ the meritorious nature of the claim.”  Goodspeed v. State, No.
PD-1882-03, 2005 Tex. Crim. App. LEXIS 520, at *4 (Tex. Crim. App. Apr. 6,
2005) (quoting Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999)).  “Direct appeal is usually an inadequate vehicle for raising such a
claim because the record is generally undeveloped.  This is true with regard to
the question of deficient performance . . . where counsel’s reasons
for failing to do something do not appear in the record.”  Goodspeed at
*4-*5 (citing Thompson at 813, 814).  

      “[T]rial counsel should ordinarily be
afforded an opportunity to explain his actions before being denounced as
ineffective.”  Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App.
2003); accord Goodspeed, 2005 Tex. Crim. App. LEXIS 520, at *5.  “Absent
such an opportunity, an appellate court should not find deficient performance
unless the challenged conduct was ‘so outrageous that no competent attorney
would have engaged in it.’”  Goodspeed at *5 (quoting Garcia v.
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).  Here, the record does
not contain the reasons for counsel’s conduct.

      First, Kennemur argues that counsel failed
to make a hearsay objection to testimony from Kennemur’s community supervision
file, see Tex. R. Evid.
801(d), 802, or failed to object to the predicate for offering the testimony
under the business records exception to the hearsay rule, see id.
803(6).  Kennemur points to the following testimony by a community supervision
officer on direct examination by the State:

      Q.   As part of your job as
community supervision officer, have you received the file through your office
on this case, Cause Number F35231, State of Texas versus Chermon Joe Kennemur?

      A.   Yes.

      Q.   Information contained in
that file that was prepared as part of the normal activities of the probation
office?

      A.   Yes.

      Q.   Who prepared the
information that’s in that file?  Would that be a community supervision
officer?

      A.   Yes, it would.

      Q.   Okay.  Is it correct that
you came into the custody of that file because of your job as a community
supervision officer?

      A.   Because of it being a
court of law officer, yes.

      Q.   Is the information that’s
contained in that file normal business records that would be made in the course
of the activity of the Community Supervision Office of Johnson County?

      A.   Yes.

      Q.   That’s in your possession
now based upon your job as a community supervision officer; is that correct?

      A.   That’s correct.     

      Assuming that this testimony does not
establish the business records predicate, the record does not affirmatively
demonstrate that the State could not have established the predicate.  

      Next, Kennemur argues that counsel failed
to object to hearsay within hearsay.  See Tex. R. Evid. 805.  Kennemur complains of the following
testimony, in which the witness testifies concerning reports made by another
community supervision officer, Alice Finley:

      Q.   Okay.  Are there any
notations in the file regarding Mr. Kennemur’s behavior, his behavior out on
the street and in his community during that period of time?

      A.   Let’s see.  She states
here that—I’m trying to back up and read some of her writing.

      Said he was sentenced to a TDC
sentence on split sentence and that split sentence—and that he served several
years, his three years there, and that in TDC he had some fights, gang
involvement while incarcerated.

      Q.   Are there other notations
that you made regarding his behavior?

      A.   She says here, and it’s
hard to read some of the writing, that like on 1-12-05 that she also states
that he had some problems with his sister, possibly hit his son.  She states
he’s physically abusive with his daughter.  I’m just reading some general
statements that, you know, she has here.  PO called Officer Hunt of the
Alvarado Police Department, reported some of this to him.  That’s really about
it.

      . . . .

      O.   . . . Are there
any other notes in the file about any arrests that Mr. Kennemur has had?

      A.   Says also on 1-27-05
Defendant was arrested for burglary of a building.  Defendant has—no, that’s
basically it.  Just that one charge on 1-27-05.

      . . . .

      Q.   With the Court’s
permission, could you read the notation there that Ms. Finley made?

      A.   You’re talking about on
the front cover here?

      . . . .

      . . . .  This
is the summary that Ms. Finley had typed out here.

      Probationer placed on yen years probation
for engaging in criminal activity.  He was also sentenced to TDC on a split
sentence.  Defendant stated on 8-4-04 that he served all four—all of his three
years due to fights and gang involvement while incarcerated.  Probationer only
reported to PO only that one time.  PO received several phone calls that
Defendant was having sex with a 16-year-old-girl and the Defendant beat up
several special needs students at the Alvarado High School.  PO filed MTR on 1-21-05. 
Defendant was arrested on 1-27-05.  Says he was given time for TDC on all his
fees.  I guess that would be the $1,920 that shows on the financial statement.

      The only hearsay within hearsay that we
identify is that “PO received several phone calls that Defendant was having sex
with a 16-year-old-girl and the Defendant beat up several special needs
students at the Alvarado High School.”  The record does not affirmatively
demonstrate that the State could not have gotten this evidence in.  Moreover,
counsel effectively countered the evidence on cross-examination.

      Next, Kennemur argues that his trial
counsel did not request a copy of the community supervision file for purposes
of cross-examining the community supervision officer.  The record does not affirmatively
demonstrate that Kennemur did not have access to the file.

      The record does not show that counsel’s
conduct was so outrageous that no competent attorney would have engaged in it. 
Kennemur thus does not establish that he did not receive the effective
assistance of counsel.  Accordingly, we overrule Kennemur’s issue.

      Having overruled Kennemur’s
sole issue, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed March 22, 2006

Do
not publish

[CR25]